

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 19, 1976

The Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas    78701

Opinion No. H-798

Re:  Amount of maintenance
tax which can be levied by
a particular school district.

Dear Dr. Brockette:

You have requested our opinion regarding the amount of
maintenance tax which may be levied by the Hutto Independent
School District.  We do not determine disputed questions of
fact, and we assume the facts you present are correct.  You
state that in 1965 the District voted pursuant to then
article 2784e, V.T.C.S., to authorize the annual levy of a
school tax at a rate not to exceed $1.50 on each $100.00
valuation of taxable property.  That tax included a bond tax
not to exceed 50¢ per $100 valuation and a maintenance tax
not to exceed the difference between $1.50 and the 50¢ or
less allocated to the bond tax.  The maintenance tax portion
of article 2784e provided:

> The amount of maintenance tax, together
> with the amount of bond tax of any
> district, shall never exceed One Dollar
> and Fifty Cents ($1.50) on the One Hundred
> ($100.00) Dollars valuation of taxable
> property; and if the rate of bond tax,
> together with the rate of maintenance tax
> voted in the district shall at any time
> exceed One Dollar and Fifty Cents ($1.50)
> on the One Hundred ($100.00) Dollars
> valuation, such bond tax shall operate
> to reduce the maintenance tax to the
> difference between the rate of the bond
> tax and One Dollar and Fifty Cents ($1.50).
> V.T.C.S. art. 2784e, § 3.

Thus, under article 2784e the bond tax and maintenance tax were interdependent; i.e., if an increase in the bond tax raised the sum of the two above $1.50 per $100 valuation, the maintenance tax had to be reduced accordingly.

In 1969, the Legislature enacted the Texas Education Code. The Code established a bond tax and a maintenance tax independent of each other. Education Code, § 20.04. But the new tax structure of the Code was not made applicable to taxes previously authorized. Section 7 of House Bill 534, which enacted the Education Code, provided that

> the repeal of statutes by this act
> shall not repeal or affect any tax
> or authority or power heretofore
> granted by the Legislature under
> which any tax has heretofore been
> authorized. . . by an election
> held under any act or acts of the
> legislature heretofore enacted
> whether general or special. Acts
> 1969, 61st Leg., ch. 889 at 3026.

Consequently, even after enactment of the Education Code, the authority of the Hutto Independent School District to issue bonds and to levy taxes was derived from article 2784e.

In 1975, however, the District held an election on two propositions: (1) to authorize the school board to levy an annual maintenance tax not to exceed $1.50 per $100 valuation, pursuant to section 20.04(d) of the Education Code; and (2) to authorize the issuance of unlimited tax bonds under section 20.04(b)(1). The bond proposition was enacted but the maintenance tax proposition was defeated. As a result of the election, therefore, the District is authorized to levy a bond tax under the Education Code. By the terms of section 20.04(b)(1), such tax must be "sufficient, without limit as to rate or amount, to pay the principal of and interest on said bonds." Since the maintenance tax proposal failed of enactment, however, maintenance taxes continue to be subject to the restrictions of section 3 of article 2784e. Indeed, section 20.08 of the Education Code provides:

> . . .all maintenance taxes heretofore voted
> in any school district in accordance with
> law may be levied and collected in the
> manner provided by the law in effect at the
> time such bonds were voted, or issued in the
> manner provided in this subchapter, to the
> extent pertinent and applicable, without an
> additional election.

Maintenance taxes levied under article 2784e, however, are tied to the amount of bond tax. Even though the amount of bond tax is, as a result of the 1975 election, required to be unlimited, it is nevertheless our opinion that the amount of maintenance tax plus the amount of bond tax must not exceed $1.50 per $100 valuation so long as the limitations of article 2784e, section 3 are applicable in this district. Thus, in answer to your first question, whenever the rate of bond tax together with the rate of maintenance tax exceeds this amount, the maintenance tax must be reduced to a rate equal to the difference between the total annual bond tax and $1.50.

You also ask whether the District may levy a bond tax in excess of 50¢ per $100 valuation, in light of the $1.50 maintenance-bond tax limitation of article 2784e, section 3. Article 2784e, section 2 previously limited the permissible bond tax to 50¢ per $100 valuation. In the 1975 election, however, the voters approved the bond tax authorized by the Education Code in section 20.04(b)(1). This bond tax is no longer limited to 50¢ per $100 valuation and, indeed, is required to be "sufficient, without limit as to rate or amount, to pay the principal and interest on said bonds." (Emphasis added). Thus, we conclude that the District is now permitted to levy a bond tax in excess of 50¢ per $100 valuation.

## S U M M A R Y

So long as the Hutto Independent School District derives its authority to levy a maintenance tax from article 2784e, section 3, V.T.C.S., it must, whenever the rate of its bond tax, together with the rate of its maintenance tax, exceeds $1.50 per $100 valuation, reduce the maintenance tax to a rate equal to the difference between the total annual bond tax and $1.50. The District is now permitted to levy a bond tax in excess of 50¢ per $100 valuation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb